UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **VIVIAN WYDRZYNSKI** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:20CV976 SNLJ |
| | ) |
| **KILOLO KIJAKAZI,** [1] | ) |
| **Commissioner of the Social** | ) |
| **Security Administration,** | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM and ORDER**

The Commissioner of the Social Security Administration denied plaintiff Vivian Wydryzynski's application for Disability Insurance Benefits under Titles II of the Social Security Act. Plaintiff now seeks judicial review. The Commissioner filed a response memorandum, but the plaintiff did not file a reply, and the time for doing so has now passed.

**I.    Procedural History**

Plaintiff was born in 1953. She graduated from college in 1979 and was most recently working as a social worker until November 1, 2007, when she "retired." [Tr. 213.] She alleges disability primarily due to multiple sclerosis, with which she was

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit.

diagnosed in 2000. She also alleges disability due to "fatigue and lassitude," scoliosis, back and neck pain, epithelial basement membrane dystrophy, vision problems, and anxiety. [Tr. 520.] In her "function report," plaintiff alleged that fatigue due to multiple sclerosis was the "primary problem" that limited her ability to work. [Tr. 538.] She stated that the fatigue lasted anywhere from "a couple of hours" to the entire day and that her impairments caused difficulties in the following areas of functioning: lifting, squatting, bending, standing, walking, kneeling, stair climbing, and concentration. [Tr. 538, 543.]

Plaintiff filed an application for Disability Insurance Benefits on September 15, 2015. Her claim was disapproved, and plaintiff requested a hearing by an Administrative Law Judge ("ALJ"). The ALJ issued an unfavorable decision on December 1, 2017. Plaintiff filed for review by the Appeals Council, which ordered the case be remanded to the ALJ. After a second hearing, the ALJ issued another unfavorable decision September 25, 2019. The Appeals Council denied plaintiff's request for review, and the September 25, 2019 decision became the final decision of the defendant Social Security Administration subject to judicial review.

**II.     Disability Determination—Five Steps**

A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant has a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do

2

his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner follows a five-step sequential process when evaluating whether the claimant has a disability. 20 C.F.R. §§ 404.1520(a)(1), 416.920(a)(1). First, the Commissioner considers the claimant's work activity. If the claimant is engaged in substantial gainful activity, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see "whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities." *Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003); *see also* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *see also* 20 C.F.R. §§ 404.1520(c), 404.1520a(d), 416.920(c), 416.920a(d).

Third, if the claimant has a severe impairment, the Commissioner considers the impairment's medical severity. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), (d); 416.920(a)(3)(iii), (d).

3

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, the Commissioner assesses whether the claimant retains the "residual functional capacity" ("RFC") to perform his or her past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(5)(i), 416.920(a)(4)(iv), 416.945(a)(5)(i). An RFC is "defined wholly in terms of the claimant's physical ability to perform exertional tasks or, in other words, what the claimant can still do despite his or her physical or mental limitations." *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003) (internal quotations omitted); *see also* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). While an RFC must be based "on all relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations," an RFC is nonetheless an "administrative assessment"—not a medical assessment—and therefore "it is the responsibility of the ALJ, not a physician, to determine a claimant's RFC." *Boyd v. Colvin*, 831F.3d 1015, 1020 (8th Cir. 2016). Thus, "there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). Ultimately, the claimant is responsible for *providing* evidence relating to his RFC and the Commissioner is responsible for *developing* the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). If, upon the findings of the ALJ, it is determined the claimant retains the RFC to perform past relevant work, he or she is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

4

Fifth, if the claimant's RFC does not allow the claimant to perform past relevant work, the burden of production to show the claimant maintains the RFC to perform work that exists in significant numbers in the national economy shifts to the Commissioner. *See Bladow v. Apfel*, 205 F.3d 356, 358–59 n.5 (8th Cir. 2000); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, the Commissioner finds the claimant not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)( v). If the claimant cannot make an adjustment to other work, the Commissioner finds the claimant disabled. *Id.* At Step Five, even though the *burden of production* shifts to the Commissioner, the *burden of persuasion* to prove disability remains on the claimant. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).

### III.     The ALJ's Decision

At Step One, the ALJ found plaintiff met the insured status requirements through June 30, 2013 and that she had not engaged in substantial gainful activity between November 1, 2007 and June 30, 2013. At Step Two, the ALJ found plaintiff suffers from three severe impairments: (1) multiple sclerosis, (2) mild degenerative disc disease of the cervical and lumbar spine and scoliosis. At Step 3, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1. At Step 4, the ALJ found plaintiff had the residual functional capacity (RFC) to,

> sedentary work as defined in 20 C.F.R. 404.1567(a) except she should have never been required to climb a ladder, rope or scaffold. She could only occasionally climb ramps and stairs. She could only occasionally stoop,

kneel, crouch and crawl. She should avoid hazards such as working near unprotected dangerous heights and in proximity to unprotected dangerous machinery. She should have avoided jobs exposing her to whole body vibration. She should have never been required to ambulate on unimproved terrain. In addition, she should have avoided concentrated exposure to temperature extremes and humidity.

[Tr. 192.] With this RFC, the ALJ found plaintiff was able to perform her past relevant work as a data entry clerk and an intake counselor. [Tr. 197.]

As a result, Consequently the ALJ found plaintiff was not disabled at any time from her alleged onset date of November 1, 2007, through June 30, 2013, her date last insured. [Tr. 198.]

### IV. Standard of Review

The Court must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. §§ 405(g); 1383(c)(3). Substantial evidence is less than a preponderance of the evidence but enough that a reasonable person would find it adequate to support the conclusion. *Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001). This "substantial evidence test," however, is "more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (alteration in original) (quoting *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987)). The Court must also consider any evidence that fairly detracts from the Commissioner's decision. *Id.* "[I]f there is substantial evidence on the record as a whole, [the Court] must affirm the administrative decision, even if the record could also have supported an opposite decision." *Weikert v. Sullivan*, 977 F.2d 1249, 1252 (8th Cir. 1992). In reviewing whether the ALJ's decision

was supported by substantial evidence, this Court does not substitute its own judgment for that of the ALJ—even if different conclusions could be drawn from the evidence, and even if this Court may have reached a different outcome. *McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010).

V.   **Discussion**

Plaintiff includes three arguments for remand in her brief:  (1) that the ALJ's "RFC assessment lacks rationale describing how the evidence supports the findings" [Doc. 17 at 3], (2) that the ALJ "improperly drew inferences from medical reports" [*id.* at 7], and (3) that the ALJ "improperly discounted the opinion of plaintiff's treating neurologist, Barbara Green, M.D." [*id.* at 13].  These arguments go to the ALJ's RFC finding.  The first two involve the ALJ's evaluation of plaintiff's subjective complaints in formulating the RFC finding, and the third argument pertains to the ALJ's evaluation of the opinion evidence in formulating the RFC finding.  Each argument is addressed in turn below.

   A.   **The ALJ's support for plaintiff's RFC**

Plaintiff first takes issue with the ALJ's statement that, "in sum, the RFC assessment is supported by the absence of sufficiently convincing evidence the claimant suffered from any debilitating condition that would have prevented her from returning to her past relevant work . . . ."  Plaintiff contends that statement does not comply with SSR 96-8, which requires an RFC assessment include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (like laboratory findings) and non-medical evidence (like daily activities, observations).  The statement

7

with which plaintiff takes issue, though, is a concluding paragraph that sums up several pages of discussion.

In fact, the ALJ thoroughly considered plaintiff's subjective allegations of disabling symptoms, but found that her statements regarding the intensity, persistence, and limiting effects of the symptoms were not entirely consistent with the medical evidence and other evidence of record.  [Tr. 193.]  *See* 20 C.F.R. §§ 404.1529 (explaining how the agency considers subjective allegations); Social Security Ruling (SSR) 16-3p, 2016 WL 1119029 (S.S.A. 2016) (superseding SSR 96-7p and providing guidance regarding how the agency evaluates statements regarding the intensity, persistence, and limited effects of symptoms). In making this finding, the ALJ appropriately considered relevant factors (*see* 20 C.F.R. § 416.929(c)(3)), including the objective medical evidence, the effects of treatment, and plaintiff's reported activities.  [Tr. 193-196.]

Substantial evidence supports the ALJ's finding that objective or physical examination findings did not support plaintiff's allegations of disability during the period at issue.  [Tr. 193, 194.]  For example, during, or very close to, the relevant period, on various occasions, plaintiff displayed normal range of motion, a normal gait, normal stability, normal sensory or motor functions, or normal strength.  [*See, e.g.*, Tr. 664, 694, 796, 804, 877.] At one examination, plaintiff denied musculoskeletal problems. [Tr. 689.] An ALJ may discount subjective complaints that are undermined by the medical evidence. *See Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019).

Plaintiff's primary disabling symptom was fatigue.  Plaintiff did often report fatigue.  [*E.g.*, Tr. 665, 689, 875.]  But there were also times plaintiff did not report

8

fatigue on a review of symptoms or when the record did not contain a mention of fatigue, which detracts from plaintiff's allegations of disability largely due to fatigue. [Tr. 663, 1169.] *See Julin v. Colvin*, 826 F.3d 1082, 1087 (8th Cir. 2016) (noting that inconsistent or contradictory statements made to physicians are a proper basis to discount plaintiff's credibility). The ALJ also cited activities plaintiff reported that were inconsistent with allegations of disabling impairments, including completing personal care tasks, preparing meals and chores to some extent[2], did some yard work, and was able to go out on her own as needed. [Tr. 195.] Although plaintiff disputes the intensity of her childcare efforts, she helps care for her young grandchildren at times, including supervising and preparing simple meals for them. Plaintiff contends that the ALJ overstates her ability to perform various activities, but comparison of an individual's reported activities with his or her allegations may be appropriately considered. 20 C.FR. § 404.1529(c)(3). The ALJ cited plaintiff's reported activities in the proper context and as one factor among others used to evaluate the consistency of her complaints. Inconsistencies between plaintiff's subjective complaints and her activities diminish her credibility. *Goff v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005).

      The ALJ also noted that plaintiff testified she stopped working not because of disability, but because she retired. Plaintiff noted that she experienced fatigue "all throughout" her work history and that fatigue was diagnosed as far back as 2000. [Tr. 213, 214.] The fact that plaintiff was able to work with this condition for so many years

---

[2] Plaintiff testified at the hearing that she could and did mop the floor [Tr. 232], but she said she could not mop in her Function Report [Tr. 541].

9

further suggests her allegations were not consistent with the evidence. *See, e.g.*, *Goff*, 421 F.3d at 792 (plaintiff continued to work after strokes and only stopped working after being fired after slapping a patient). Plaintiff also showed clinical improvements in her condition with treatment: For instance, at Dr. Green's April 14, 2011, examination, Dr. Green remarked that plaintiff's medication was "working well for her" and that plaintiff's "disease [appeared] to be remitted." [Tr. 796.]

Notwithstanding the factors and evidence discussed above, including relatively unremarkable clinical findings, inconsistent statements about fatigue, reported activities, and improvement with treatment, the ALJ still crafted a highly restrictive RFC finding for the period under consideration, limiting plaintiff to less than the full range of sedentary exertional level work. [Tr. 192.] This clearly shows that the ALJ considered and incorporated plaintiff's subjective complaints. *See Swink v. Saul*, 931 F.3d 765, 771 (8th Cir. 2019) (citing *Nash v. Comm'r, Soc. Sec. Admin.*, 907 F.3d 1086, 1090 (2018)).

Plaintiff also contends that "[i]t is unclear what conditions or symptoms prevent [plaintiff] from performing heavier work or why she is limited to sedentary work." [Doc. 17 at 4.] This argument is puzzling because the finding she was limited to sedentary work is more favorable to her than a finding that she could perform heavier work. Regardless, the ALJ correctly applied the pertinent regulatory factors and concluded that, although plaintiff's impairments could reasonably have been expected to cause some of her symptoms, her statements about the intensity, persistence, and limited effects of her symptoms were not entirely consistent with the rest of the record. [Tr. 193.] Again, the

10

fact that the ALJ did limit plaintiff to less than sedentary work shows he credited her subjective complaints to some degree.

Much of plaintiffs' argument amounts to a request to re-weigh the evidence. The Court does not reweigh the evidence presented to the ALJ and will defer to the ALJ's determinations regarding the credibility of testimony as long as those determinations are supported by good reasons and substantial evidence. Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion. *Mabry v. Colvin*, 815 F.3d 386, 389 (8th Cir. 2016). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the agency's findings, the Court must affirm the decision. *Chesser v. Berryhill*, 858 F.3d 1161, 1164 (8th Cir. 2017); *McNamara*, 590 F.3d at 610. Substantial evidence supports the RFC, and this Court must affirm.

B.     **The ALJ's evaluation of opinion evidence**

Plaintiff asserts that the ALJ improperly discounted the opinion of plaintiff's treating neurologist, Dr. Green. Because the application date at issue was prior to March 27, 2017, the previous regulations that govern the evaluation of opinion evidence apply here. *See* 20 C.F.R. § 404.1527. That regulation required the ALJ to consider and give "weight" to opinions of record. A treating physician's opinion will be given controlling weight "if, and only if, it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence.'" *Winn v. Comm'r, Soc. Sec. Admin.*, 894 F.3d 982, 986 (8th Cir. 2018) (quoting *Johnson v. Astrue*, 628 F.3d 991, 994 (8th Cir. 2011)). "'Whether the ALJ gives

11

the opinion of a treating physician great or little weight, the ALJ must give good reasons for doing so.' *Reece v. Colvin*, 834 F.3d 904, 909 (8th Cir. 2016); *see also* 20 C.F.R. § 404.1527(c)(2).

Dr. Green's opinion in this case is a medical source statement titled "Multiple Sclerosis RFC" and is dated September 13, 2017.  The report notes that the opinions therein were intended to reflect the time period before June 30, 2013, the date by which plaintiff had to establish disability to be entitled to disability insurance benefits.  Dr. Green concluded that, for the period at issue, plaintiff could stand or walk less than two hours a day, sit for two hours a day, occasionally lift less than 10 pounds, rarely lift 10 pounds, and never lift 20 to 50 pounds.  [Tr. 1330, 1331.]  Green also included several postural and environmental limitations and stated that plaintiff was "capable of low stress jobs," but also that she was "not able to work full time hours, or even full [eight] hour days."  [Tr. 1330.]

The ALJ declined to give controlling or greater weight to Dr. Green's opinions.  First, the ALJ concluded that several opinions were not supported by treatment notes.  [Tr. 196.]  As noted, at an April 14, 2011 examination with Dr. Green, plaintiff continued to report fatigue, but Dr. Green noted her disease appeared to be remitted and that her medications were working well for her.  Further, plaintiff was alert, cooperative, and in no distress, and her mental status was normal and she displayed normal strength.  [Tr. 796.]  Dr. Green encouraged her to continue exercising.  [Tr. 797.]  At the May 2012 examination, plaintiff again exhibited normal motor function, normal mental status, full strength, and steady gait.  [Tr. 804.]  An ALJ may discount a treating source opinion

12

where it is not supported by objective medical evidence in the administrative record. *See Winn v. Comm'r, Soc. Sec. Admin.*, 894 F.3d 982, 987 (8th Cir. 2018).

The ALJ also properly noted that some of Dr. Green's opinions—including that plaintiff was unable to work full-time hours or an eight-hour workday—were opinions on issues reserved to the Commissioner. A medical source opinion that a claimant is "disabled" or "unable to work" involves an issue reserved to the Commissioner and is not the type of medical opinion to which the Commissioner gives controlling weight. *McDade v. Astrue*, 720 F.3d 994, 1000 (8th Cir. 2013). An ALJ is not required to weigh opinions on the ultimate issue reserved to the Commissioner. *See Schwandt v. Berryhill*, 926 F.3d 1004, 1011 (8th Cir. 2019) (citing *House v. Astrue*, 500 F.3d 741, 744-45 (8th Cir. 2007) and 20 C.F.R. § 404.1527(d)(2)). Plaintiff argues that Dr. Green's statement that Plaintiff could not work for eight hours a day was not an opinion that she was "disabled," implying that the ALJ erred in finding that this was an opinion on an issue reserved to the Commissioner. But an RFC "is an assessment of an individual's ability to do sustained work-related . . . activities in a work setting on a regular and continuing basis" and a regular and continuing basis is further defined as "[eight] hours a day, for [five] days a week, or an equivalent work schedule." SSR 96-8p. Accordingly, Dr. Green's opinion that plaintiff could not work eight hours a day was tantamount to an opinion that she was disabled and, therefore, the ALJ properly gave no weight to the opinion because it was an opinion on an issue reserved to the Commissioner.

Plaintiff also suggests that the ALJ improperly relied on the opinions of non-treating, non-examining medical consultants. [Doc. 17 at 7.] It appears plaintiff may

13

refer to the opinions of state agency medical consultant, Denise R. Trowbridge, M.D. [Tr. 287-91.]  Dr. Trowbridge concluded that plaintiff could perform a range of light exertional level work, but the ALJ concluded that plaintiff was limited to sedentary work, thus it is difficult to see exactly how the ALJ might be said to have "relied" on the opinion.  Regardless, to the extent plaintiff argues that it was error to rely on the opinion because it was "non-examining" and "non-treating," such an argument is legally unsupported.  *Mabry v. Colvin*, 815 F.3d 386, 391 (8th Cir. 2016).

## VI. Conclusion

This Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and supported by substantial evidence. It does not substitute its own judgment for that of the ALJ. *McNamara*, 590 F.3d at 610. Having found the ALJ's conclusions are supported by substantial evidence and that legal standards were correctly applied, this Court affirms the ALJ's decision.

Accordingly,

**IT IS HEREBY ORDERED** that the Commissioner's decision is **AFFIRMED** and plaintiff's complaint [#1] is **DISMISSED with prejudice**. A separate judgment will accompany this Order.

Dated this  17th  day of March, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE